UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-5-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BOBBY OWENS, and | ) | |
| TASHA LOVETT, | ) | |
| | ) | |
| Defendants. | | |

*** *** *** ***

After conducting proceedings under Rule 11, *see* DE 31 & 37 (Minute Entries), Judge Ingram recommended that the undersigned accept Owens and Lovett's guilty pleas and adjudge them guilty of Counts 1 and 2, respectively, of the Indictment. *See* DE 32 & 38 (Recommended Dispositions); *see* DE 34 & 36 (Plea Agreements). Judge Ingram informed Defendants of their "right to object" to these recommendations and "to secure de novo review from" the undersigned. DE 32 at 3; DE 38 at 2–3. Judge Ingram imposed a 3-day deadline for any such objection. *See* DE 32 at 3; DE 38 at 3. That deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ADOPTS** DE 32 & DE 38, **ACCEPTS** Owens and Lovett's guilty pleas, and **ADJUDGES** Owens guilty of Indictment Count 1 and Lovett guilty of Indictment Count 2. The Court will issue separate sentencing orders.[1]

This the 14th day of May, 2019.

Signed By:
Robert E. Wier
United States District Judge

---

[1] At the hearings, Judge Ingram remanded Defendants to custody. *See* DE 31 & 37. The Court, thus, need not further address detention, at this time.